United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60034
Summary Calendar
_____

WILLIE M. BROWN,

Plaintiff-Appellant,

versus

CITY OF MCCOMB MISSISSIPPI POLICE DEPARTMENT; SHANNON
SULLIVAN, individually and in his official capacity as a
policeman; KENNETH BAPTIST, individually and in his official
capacity as a policeman; CITY OF MCCOMB MISSISSIPPI

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-593
--------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Plaintiff Willie M. Brown appeals bench and jury verdicts in

favor of the defendants in his action brought under the

Mississippi Tort Claims Act (MTCA) and 42 U.S.C. § 1983.  The

jury decided against Brown on the Fourth Amendment excessive-

force claim brought under 42 U.S.C. § 1983, and the district

court decided against him on the MTCA claims.  The court also

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denied Brown's timely motion for judgment as a matter of law (JML) or a new trial. The claims arise from Brown's arrest following an 11-mile pursuit and an altercation in Brown's driveway during which Brown suffered a serious eye injury.

Brown contends that the district court erred by denying his motion for JML or a new trial, particularly in light of the jury's inconsistent responses to special interrogatories. The jury answered its first interrogatory by determining that Brown did not resist arrest after he stopped his car in his driveway. The jury nonetheless concluded that the arresting officers did not use excessive force in making the arrest, even though Brown was injured.

When reviewing apparently inconsistent jury answers to special interrogatories, we "must attempt to reconcile the jury's findings, by exegesis, if necessary, before we are free to disregard the jury's verdict." Ellis v. Weasler Engineering, 258 F.3d 326, 343 (5th Cir. 2001) (internal quotations and citation omitted). We "view the evidence in the light most favorable to upholding the jury's decision by a finding of consistency." Id. In addition to examining the jury interrogatories, the reviewing court must consider the court's instructions to the jury. Alverez v. J. Ray McDermott & Co., 674 F.2d 1037, 1040 (5th Cir. 1982) (citation omitted).

In light of the interrogatories, the court's instruction on excessive force, the lack of an instruction on resisting arrest,

and the circumstances surrounding the incident, we view the jury's answers as reconcilable.  The jury evidently determined that any use of force by the officers was not excessive due to their reasonable belief that Brown was attempting to resist them or to flee, as he had done during the 11-mile pursuit.  This is likely even if the jury may have concluded that Brown's actions in the driveway did not constitute resisting arrest in some particular legal sense.  The jury's verdict need not be set aside as inconsistent.  See Ellis, 258 F.3d at 343.

We review the denial of Brown's motion for JML de novo, viewing all evidence in the light most favorable to the defendants.  See Burroughs v. FPP Operating Partners, 28 F.3d 543, 546 (5th Cir. 1994).  The jury had a reasonable evidentiary basis for concluding that the officers reasonably perceived a threat from Brown and responded without excessive force.  Brown fails to show that "the evidence at trial points so strongly and overwhelmingly in [his] favor that reasonable jurors could not reach a contrary conclusion."  See Omnitech Int'l v. Clorox Co., 11 F.3d 1316, 1323 (5th Cir. 1994).

Brown is not entitled to a new trial unless the verdict was against the great weight of the evidence as viewed in the light most favorable to the jury's verdict.  See Dawson v. Wal-Mart Stores, Inc., 978 F.2d 205, 208 (5th Cir. 1992).  There was ample evidence to support the jury's conclusion that the officers did not use excessive force under the circumstances.  Therefore the

district court did not abuse its discretion by denying the new trial motion. See id.

Brown contends that the district court abused its discretion by not allowing Brown to present testimony about two past incidents involving allegations of the officers' use of excessive force. He argues that the evidence was relevant to showing that the city of McComb had a policy or custom of condoning excessive force. Were we to assume that the exclusion of the evidence was erroneous, there could nonetheless be no municipal liability because the jury found no underlying excessive-force constitutional violation. See Becerra v. Asher, 105 F.3d 1042, 1047-48 (5th Cir. 1997). Thus, any error in excluding the evidence could not have affected Brown's substantial rights and was therefore harmless. See Polanco v. City of Austin, Tex., 78 F.3d 968, 982 (5th Cir. 1996).

Brown argues that the evidence was contrary to the district court's conclusion that the officers did not act with "reckless disregard" for Brown's safety as required to incur liability under the MTCA. See MISS. CODE. ANN. § 11-46-9(1)(c). Under Mississippi case law, "'reckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." Maye v. Pearl River County, 758 So. 2d 391, 394 (Miss. 1999). The record contains evidence to support the district court's apparent conclusion that Brown's injury likely was the result of negligence or an accident rather than

the wanton use of force.  Brown fails to show that the district court's factual finding was clearly erroneous, and he therefore is not entitled to reversal on the MTCA claims.  See Williams v. Kaufman County, 343 F.3d 689, 696 (5th Cir. 2003) (reviewing for clear error).

Brown contends for the first time on appeal that MISS. CODE. ANN. § 11-46-9(1)(c) is unconstitutional because it gives police unlimited power to use excessive force in disregard of the Fourth Amendment.  This court need not consider the issue because no miscarriage of justice will result if we do not; the MTCA plainly had no effect on Brown's ability to assert and bring to trial his Fourth Amendment claim under 42 U.S.C. § 1983.  See North Alamo Water Supply Corp. v. City of San Juan, Tex., 90 F.3d 910, 916 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.